United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, et al., | C 08-3850 MMC (PR) |
| Plaintiffs, | **ORDER OF DISMISSAL; DENYING MOTIONS TO ADD ADDITIONAL PLAINTIFFS AND FOR APPOINTMENT OF COUNSEL; DIRECTIONS TO CLERK** |
| vs. | |
| SHERIFF GREG AHERN, et al., | |
| Defendants. | **(Docket Nos. 3, 4 & 5)** |

On August 12, 2008, plaintiff, a California prisoner incarcerated at the Santa Rita Jail and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, purportedly on behalf of himself and two other inmates. Subsequently, plaintiff filed a request for leave to add three additional plaintiffs. (Docket No. 5.) Plaintiff also has filed two motions for the appointment of counsel to represent him and the other plaintiffs in "this class action suit." (See Docket Nos. 3 & 4.) By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In his complaint, plaintiff states he is seeking to proceed with the instant case as a class action on behalf of all inmates incarcerated at the Santa Rita Jail, claiming their constitutional rights are being violated by the following unlawful conditions of confinement: inadequate medical attention, retaliation, the use of excessive force, denial of bodily privacy, denial of access to the courts, discrimination, overcrowding, denial of adequate exercise and recreation, inadequate food, denial of freedom of speech, and a conspiracy to deny inmates their constitutional rights.

The complaint is subject to dismissal, for the reason that pro se prisoner plaintiffs may not bring class actions. Specifically, pro se prisoners are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class, as required under Federal Rule of Civil Procedure 23(a). Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (holding, in case brought by federal prisoner, "a litigant appearing in propria persona has no authority to represent anyone other than himself"). Accordingly, the Court will deny plaintiff's motion to add additional plaintiffs and will not certify the instant action as a class action, because plaintiff would not be able to adequately represent a class of inmates at the Santa Rita Jail. Further, the complaint will be dismissed without granting plaintiff leave to amend to raise claims solely on his own behalf, as plaintiff currently has pending before the Court another action in which he raises, solely on his own behalf, claims that are virtually identical to those identified in the instant complaint. See Wilkins v. Ahern, et al., No. C 08-1084 MMC (PR).

Additionally, the Court will not appoint counsel to facilitate the litigation of this case, either as a class action or an individual action. There is no constitutional right to counsel in a civil case such as this. See Lassie v. Depot of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v.

Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Here, the Court finds no exceptional circumstances exist warranting the appointment of counsel because plaintiff can adequately litigate his claims in his other pending action, in which the Court has twice determined plaintiff is not entitled to the appointment of counsel.  See Wilkins v. Ahern, et al., No. C 08-1084 MMC (PR) (Docket Nos. 14 & 16.)

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The instant action is hereby DISMISSED with prejudice.

2. Plaintiff's motion to add additional defendants is hereby DENIED.

3. Plaintiff's motions for the appointment of counsel are hereby DENIED.

4. The Clerk of the Court shall send a courtesy copy of this order to defendants' counsel at the following address:

> Peter Laurie
> Andrada & Associates
> 180 Grand Avenue, Suite 225
> Oakland, CA 94612

This order terminates Docket Nos. 3, 4 and 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: February 9, 2009

_____
MAXINE M. CHESNEY
United States District Judge